IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAURA A. GOODMAN, | ) |
|         Appellant, | ) |
| v. | ) Case No. 1:15-cv-00219-GBL-MSN |
| THOMAS P. GORMAN, | ) |
|         Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Appellant Laura A. Goodman's ("Debtor") Appeal from Bankruptcy Court (Doc. 1). This case involves an appeal of rulings made in the United States Bankruptcy Court for the Eastern District of Virginia, Case No. 11-15782-RGM, in favor of Trustee Thomas P. Gorman ("Trustee"). Appellant raises four issues on appeal. First, whether the Bankruptcy Court abused its discretion in finding that the property of an estate did not vest in Debtor upon confirmation of her Chapter 13 Plan. Second, whether the Bankruptcy Court abused its discretion in finding that Debtor's $36,000 post-confirmation inheritance constituted a "substantial" change in financial circumstances. Third, whether the Bankruptcy Court abused its discretion in finding that Trustee's Motion to Modify may capture the entirety of the $36,000 inheritance for the benefit of Debtor's compromised creditors. Fourth, whether the Debtor's Proposed Modified Chapter 13 Plan paid more to the Debtor's unsecured creditors than they would have received had this case been filed as a Chapter 7 bankruptcy.

The Court AFFIRMS the Bankruptcy Court for four reasons. First, the Court AFFIRMS the Bankruptcy Court's holding that the property of the estate did not vest in Debtor upon confirmation of the Chapter 13 Plan because under *Carroll v. Logan*, 735 F.3d 147 (4th Cir. 2013), an inheritance received before the Chapter 13 case is closed, dismissed, or converted to a

case under chapter 7, 11, or 12 is property of the bankruptcy estate pursuant to 11 U.S.C. § 1306(a) and should thus be used to repay Debtor's compromised creditors. Second, the Court AFFIRMS the Bankruptcy Court's finding that Debtor's inheritance "substantially" changed her financial circumstances under 11 U.S.C. § 1329 because the court's findings of fact were not clearly erroneous as the facts show that the inheritance substantially changed Debtor's financial circumstances such that a modification of her Chapter 13 Plan was warranted.

Third, the Court AFFIRMS the Bankruptcy Court's ruling denying Debtor's Modified Plan because under 11 U.S.C. § 1329, Debtor's living expenses did not constitute a substantial and unanticipated change to Debtor's financial condition that would make any portion of the $36,000 inheritance necessary to support Debtor's Modified Plan. Fourth, the Court AFFIRMS the Bankruptcy Court's Order granting Trustee's Motion to Modify to capture the entirety of the Debtor's $36,000 inheritance as property of the bankruptcy estate because Debtor failed to present evidence of any necessity for retaining any portion of the inheritance.[1]

## I. BACKGROUND

This case arises on appeal from the Bankruptcy Court's Order granting Trustee's Motion to Modify Chapter 13 Plan to include the entire $36,000 inheritance Debtor received subsequent to confirmation of her Chapter 13 Plan and denying Debtor's Motion to Confirm Modified Plan to include only a portion of the $36,000 inheritance.

Debtor Laura Goodman filed a Chapter 13 petition in the United States Bankruptcy Court

---

[1] Debtor raises the issue of whether Debtor's Modified Plan paid more to unsecured creditors than they would have received had this case been filed under Chapter 7. (*See* Doc. 4 at 4–5). Debtor argues that, contrary to Trustee's Objection, her Modified Plan complied with 11 U.S.C. § 1325(a)(4)'s requirement that a confirmed Chapter 13 plan pay the unsecured creditors "not less than the amount that would have been paid . . . under Chapter 7." (*Id.* at 5) (quoting 11 U.S.C. § 1325(a)(4)).

Debtor argues that Trustee's argument fails because any property that she obtained by inheritance after February 4, 2012 would have never come into her Chapter 7 estate. (*Id.*) However, the Court finds that this issue was not germane to the Bankruptcy Court's holding because that Bankruptcy Court barred Debtor's Modified Plan on grounds that Debtor did not demonstrate she had experienced a substantial and unanticipated post-confirmation change in her financial condition. Because the Court affirms the Bankruptcy Court's ruling denying Debtor's Motion to Modify, the Court does not reach this issue.

2

for the Eastern District of Virginia on August 4, 2011. (R. at 1.) On October 20, 2011, Debtor's Chapter 13 Plan was confirmed requiring monthly payments of $780 for 60 months, for a total of $46,800. (*Id.* at 3, 61–63.) Under this plan, unsecured creditors received a 0% dividend. (*Id.* at 3, 61–63.) On March 12, 2014, Debtor filed an Amended Schedule B disclosing her interest in post-petition inheritance of $36,000 from her recently deceased mother's estate. (*Id.* at 3, 64–70.)

On March 27, 2014, Trustee Thomas Gorman filed a Motion to Modify Chapter 13 Plan ("Motion to Modify") under 11 U.S.C § 1329(a) to capture the entire amount of Debtor's inheritance for the benefit of her unsecured creditors. (*Id.* at 3, 71–73.) On October 13, 2014, Debtor proposed her own Plan modification under 11 U.S.C § 1329(a) by filing a Modified Chapter 13 Plan ("Modified Plan"). (*Id.* at 4–5, 101–13.) Debtor's Modified Plan proposed that Debtor contribute 40% of her inheritance over the remaining 20 months of her Chapter 13 Plan, generating a 30% dividend to unsecured creditors. (*Id.* at 101–13.) Trustee filed an Objection to Debtor's Modified Plan ("Objection") on October 23, 2014, and an amended Objection on December 9, 2014, citing violations of 11 U.S.C. § 1325(a)(3) – (4) and (b)(1)(B) for failure to propose the Modified Plan in good faith, failure to satisfy the best interest of creditors under the Chapter 7 liquidation test, and failure to apply Debtor's projected disposable income to make payments to unsecured creditors under the Modified Plan. (R. at 114–17, 119–22.)

On January 28, 2015, the Bankruptcy Court heard Trustee's Motion to Modify together with the confirmation hearing on Debtor's Modified Plan. These matters offered competing proposals to modify Debtor's confirmed Chapter 13 Plan under 11 U.S.C. § 1329(a) on account of Debtor's $36,000 inheritance, and required the court to determine what portion, if any, of the inheritance Debtor should be required to pay into her Plan. (R. at 5–6; Hr'g Tr. at 5.) Concerning Debtor's existing confirmed Plan, the Bankruptcy Court found that: (1) the Plan had

3

been in effect for forty months with Debtor successfully making scheduled payments according to the Plan; (2) there was no indication of any hardship making timely Plan payments or meeting other financial obligations; and (3) the income reported by Debtor at the time of confirmation was understated and was likely the reason Debtor could to make her scheduled payments without hardship. (Hr'g Tr. at 62–63.) The Bankruptcy Court also found that Debtor did not provide any evidence of changes in her circumstances, prior to receiving the inheritance, that would justify changing the Plan because Debtor's testimony demonstrated that: (1) there had not been any change to Debtor's family status, household size, or health; (2) Debtor's income had marginally improved based on her full-time employment, tax returns, and pension increase; and (3) the reported changes to Debtor's budgeted expenses in her Plan did not need to be buttressed. (Hr'g Tr. at 27, 64–65.)

Based on the totality of the circumstances, the Bankruptcy Court concluded that the inheritance was a windfall not necessary to support Debtor. Accordingly, the entirety of Debtor's inheritance needed to be paid into her Chapter 13 Plan for the benefit of her creditors. (Hr'g Tr. at 64.) On February 12, 2015, the Bankruptcy Court issued its Order Granting Trustee's Motion to Modify and Denying Confirmation of Debtor's Modified Plan. (R. at 6, 137.) The Bankruptcy Court ordered Debtor to promptly turn over $35,000 of her inheritance to Trustee by February 25, 2015, with the remainder due to Trustee by May 31, 2015, to be distributed to creditors as additional funding in accordance with the confirmed Plan. (R. at 137.) Debtor's appeal is now properly before this Court.

## II. STANDARD OF REVIEW

A district court reviews findings of fact in bankruptcy proceedings under a clearly erroneous standard. FED. R. BANKR. P. 8013. "A finding is clearly erroneous when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake

4

has been made.'" *In re Regional Bldg. Systems, Inc.*, 320 F.3d 482, 485 (4th Cir. 2003) (quoting *In re Morris Commc'ns NC, Inc.*, 914 F.2d 458, 467 (4th Cir. 1990)). A bankruptcy court's conclusions of law are reviewed *de novo*. *See In re Meredith*, 527 F.3d 372, 375 (4th Cir. 2008). Where issues present questions of both law and fact, a district court should review facts by a clearly erroneous standard, and legal conclusions derived from those facts are reviewed *de novo*. *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 905 (4th Cir. 1996). Similarly, a bankruptcy court's decision whether to grant or deny a motion to modify a confirmed bankruptcy plan is reviewed under the "abuse of discretion" standard. *In re Murphy*, 474 F.3d 143, 149 (4th Cir. 2007) (citing *In re Arnold*, 869 F.2d 240, 244 (4th Cir. 1989)).

A Bankruptcy Court's exclusion of evidence for relevancy will be overturned on appeal only due to abuse of discretion and only "overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011). If the district court finds an abuse of discretion to have occurred, it may only overturn the bankruptcy court if the abuse affected the outcome of the case. *See United States v. Catone*, 769 F.3d 866 (4th Cir. 2014) (stating substantial rights are only affected if evidentiary ruling affected the outcome of the case); *Buckley v. Mukasey*, 538 F.3d 306, 317 (4th Cir. 2008) (holding an evidentiary ruling to be reversible only if it affects substantial rights).

### III. ANALYSIS

The Court AFFIRMS the Bankruptcy Court for four reasons. First, the Court AFFIRMS the Bankruptcy Court's holding that the property of the estate did not vest in Debtor upon confirmation of the Chapter 13 Plan because under *Carroll v. Logan*, 735 F.3d 147 (4th Cir. 2013), an inheritance received before the Chapter 13 case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 is property of the bankruptcy estate pursuant to 11 U.S.C. § 1306(a) and should thus be used to repay Debtor's compromised creditors. Second, the Court

AFFIRMS the Bankruptcy Court's finding that Debtor's inheritance "substantially" changed her financial circumstances under 11 U.S.C. § 1329 because the court's findings of fact were not clearly erroneous as the facts show that the inheritance substantially changed Debtor's financial circumstances such that a modification of her Chapter 13 Plan was warranted.

Third, the Court AFFIRMS the Bankruptcy Court's ruling denying Debtor's Modified Plan because under 11 U.S.C. § 1329, Debtor's living expenses did not constitute a substantial and unanticipated change to Debtor's financial condition that would make any portion of the $36,000 inheritance necessary to support Debtor's Modified Plan. Fourth, the Court AFFIRMS the Bankruptcy Court's Order granting Trustee's Motion to Modify to capture the entirety of the Debtor's $36,000 inheritance as property of the bankruptcy estate because Debtor failed to present evidence of any necessity for retaining any portion of the inheritance.

### A. Debtor's Inheritance Does Not Vest in the Debtor.

The first issue Appellant raises on appeal is whether the Bankruptcy Court abused its discretion in finding that, under 11 U.S.C. §§ 541(a)(5) and 1306(a), property inherited more than 180 days after the Chapter 13 case was commenced, but before it was closed, dismissed, or converted, is property of the estate. The Court AFFIRMS the Bankruptcy Court's holding that the property of the estate did not vest in Debtor upon confirmation of the Chapter 13 Plan because under *Carroll v. Logan*, 735 F.3d 147 (4th Cir. 2013), an inheritance received before the Chapter 13 case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 is property of the bankruptcy estate pursuant to 11 U.S.C. § 1306(a), and should thus be used to repay the Debtor's compromised creditors. Because this is a question of law, the Court reviews the Bankruptcy Court's holding *de novo*.

Section 541 of the Bankruptcy Code defines the property in a bankruptcy estate to include any interest in property of the debtor on the date of filing of the bankruptcy petition and any property that debtor acquires or becomes entitled to acquire by bequest, devise, or inheritance within 180 days after filing. 11 U.S.C. § 514(a)(5). The Fourth Circuit has held that 11 U.S.C. § 1306(a) expands the definition of the kind of property included for the purpose of a Chapter 13 bankruptcy estate under 11 U.S.C. § 541 to encompass "all property of the kind specified in [§ 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 . . . ." *Carroll v. Logan*, 735 F.3d 147, 150 (4th Cir. 2013) (citing 11 U.S.C. § 1306(a)(1)).

Under § 1329 of the Bankruptcy Code, a confirmed Chapter 13 repayment plan may be modified at "any time after confirmation of the plan but before the completion of payments" at the request of the debtor, the Chapter 13 trustee, or an allowed unsecured creditor in order to, among other things, "increase or reduce the amount of payments [or to] extend or reduce the time for such payments" under the plan. 11 U.S.C. §§ 1329(a), (a)(1)–(2); *see In re Murphy*, 474 F.3d 143, 148 (4th Cir. 2007). Because a Chapter 13 plan may be modified under 11 U.S.C. § 1329 commensurate with a debtor's increased ability to make payments required under their plan, "[w]hen a [Chapter 13] debtor's financial fortunes improve, the creditors should share some of the wealth." *In re Arnold*, 869 F.2d 240, 243 (4th Cir. 1989); *see Hamilton v. Lanning*, 560 U.S. 505, 520 (2010) (observing that the Bankruptcy Code should not be interpreted in a way that "would deny creditors payments that the debtor could easily make"). Accordingly, the plain language of § 1306(a) prevents debtors from shielding a windfall inheritance acquired before their case is closed, dismissed, or converted, from repaying their creditors. *See In re Murphy*, 474 F.3d at 154 (citing *In re Arnold*, 869 F.2d at 241–43).

The Fourth Circuit's decision in *Carroll v. Logan*, 735 F.3d 147 (4th Cir. 2013), controls the Court's analysis of this issue. In *Carroll*, the debtors notified the bankruptcy court that they were expecting a $100,000 inheritance from one of the debtor's mother's estate approximately three years after filing their Chapter 13 bankruptcy petition. *Id.* at 149. Upon notification of the expected inheritance, the trustee filed a motion to modify the debtors' Chapter 13 plan to capture the $100,000 inheritance to repay all allowed unsecured creditors in full. *Id.* Unsecured creditors were only receiving a 3.8% dividend under the debtors' confirmed plan. *Id.* The bankruptcy court held that the debtors' inheritance, received more than 180 days after they filed their Chapter 13 petition, was nonetheless property of the bankruptcy estate under 11 U.S.C. § 1306(a). *Id.* at 152; *cf. In re Murphy*, 474 F.3d at 154 (holding that "even though property vested in [the debtor] upon confirmation, this fact did not prevent the Chapter 13 trustee from seeking to modify [debtor's] plan").

Debtor argues that property inherited after confirmation of a Chapter 13 plan is property of the estate and, thus, belongs to the debtor. (*See* Doc. 4 at 3–4.) Trustee maintains that similar to the debtors in *Carroll*, Debtor acquired a $36,000 inheritance from her mother's estate over three years into her Chapter 13 case but before her case was closed, dismissed or converted, (*see* Doc. 7 at 15), and should thus be property of the estate.

The Court agrees with Trustee and AFFIRMS the Bankruptcy Court's ruling that that the property of the estate did not vest in the Debtor upon confirmation of the Chapter 13 Plan. Similar to the trustee in *Carroll*, Trustee moved to modify Debtor's Chapter 13 Plan to capture the inheritance for the benefit of Debtor's compromised creditors, who were expecting a 0% repayment of their claims under the confirmed Plan. *Carroll* dictates that a windfall cannot be shielded from creditors because it was acquired before Debtor's Chapter 13 case was closed, dismissed, or converted. Accordingly, the Bankruptcy Court correctly found that because the

$36,000 inheritance was acquired before Debtor's Chapter 13 case was closed, dismissed, or converted, the inheritance is property of the bankruptcy estate under § 1306(a) and should be used to repay the Debtor's compromised creditors.

### B. The Debtor's Inheritance was a "Substantial" Change to Debtor's Financial Circumstances.

The second issue raised by the Appellant is whether the Debtor's inheritance was a "substantial" change in financial circumstances. The Court AFFIRMS the Bankruptcy Court's finding that Debtor's inheritance "substantially" changed her financial circumstances under 11 U.S.C. § 1329 because the court's findings of fact were not clearly erroneous as the facts show that the inheritance substantially changed Debtor's financial circumstances such that a modification of her Chapter 13 Plan was warranted. The Court also AFFIRMS the Bankruptcy Court's ruling denying Debtor's Modified Plan because under 11 U.S.C. § 1329, Debtor's living expenses did not constitute a substantial and unanticipated change to Debtor's financial condition that would make any portion of the $36,000 inheritance necessary to support Debtor's Modified Plan. Because this is a review of a bankruptcy court's decision whether to grant or deny a motion to modify a confirmed bankruptcy plan, the Court reviews this issue under an abuse of discretion standard.

Under § 1329 of the Bankruptcy Code, a confirmed Chapter 13 repayment plan may be modified at "any time after confirmation of the plan but before the completion of payments" at the request of the debtor, the Chapter 13 trustee, or an allowed unsecured creditor in order to, among other things, "increase or reduce the amount of payments [or to] extend or reduce the time for such payments" under the plan. 11 U.S.C. §§ 1329(a)(1)–(2); *In re Murphy*, 474 F.3d 143, 148 (4th Cir. 2007). However, the doctrine of *res judicata* prevents modification of a confirmed plan pursuant to § 1329(a)(1) or (a)(2) unless the party seeking modification demonstrates that the debtor experienced a "substantial" and "unanticipated" post-confirmation

9

change in his financial condition. *In re Murphy*, 474 F.3d at 149 (citing *In re Arnold*, 869 F.2d 240, 243 (4th Cir. 1989)).

Debtor argues that her inheritance of $36,000 was not a substantial change in her financial circumstances. The Fourth Circuit has not defined the term "substantial." In *In re Arnold*, the debtor argued that he did not have to ability to make increased Chapter 13 Plan payments despite his increase in income because his higher income had been offset by an increase in his necessary living expenses due to the fact that the he had remarried, had another child, purchased a new home and was supporting the college expenses for one of his children. 869 F.2d at 241. In support of his position, the debtor submitted a revised budget that purported to show that his increased monthly expenses exceeded his total monthly income such that without his non-debtor spouse's income, his household budget would be operating at a monthly deficit. *Id.* at 243. The bankruptcy court found that the debtor had the ability to make the increased Chapter 13 plan payments in light of the unreasonably excessive expenses the debtor claimed in his revised budget. *Id.* at 243–44.

The Fourth Circuit affirmed the bankruptcy court's decision granting a creditor's motion to modify the debtor's Chapter 13 plan to increase the debtor's plan payments in light of his substantial increase in income—from $80,000 per year to $120,000 per year—explaining that he had experienced a substantial and unanticipated change in his financial circumstances. *Id.* at 241–43.

*In re Murphy*, 474 F.3d 143 (4th Cir. 2007) is also instructive. In that case the debtor sought approval from the bankruptcy court to sell his residence, which had appreciated in value substantially since the debtor filed his Chapter 13 petition. *Id.* at 147. Even though the proposed sale would generate sufficient net proceeds to pay all filed unsecured claims in full and allow the debtor to retain approximately $60,000 in net sales proceeds, the debtor objected

to turning over any amounts above the remaining balance due under his confirmed Chapter 13 plan that was repaying unsecured creditors a 37% dividend. *Id.* at 147, 153. The bankruptcy court granted the Chapter 13 trustee's motion to modify the debtor's confirmed plan to require the debtor to repay his creditors in full. *Id.* at 147.

The Fourth Circuit affirmed the bankruptcy court and held that the debtor experienced a substantial change in his financial circumstances when he sold his residence for a price 51.6% over the value listed as of the date of his bankruptcy petition because the debtor received a significant amount of net sale proceeds that were readily available at the debtor's disposal, greatly improving his financial circumstances. *Id.* at 152.

In this case, Debtor does not dispute that the $36,000 post-confirmation inheritance from her mother's estate was an unanticipated change. However, Debtor disputes that the inheritance was a substantial change to her financial condition. Debtor argues on appeal that her case is distinguishable from *In re Arnold* and *In re Murphy* because the changes to the debtors' financial circumstances in those cases were startling, "egregious," and "shock the conscience." (Doc. 4 at 6) (quoting *In re Wilson*, 157 B.R. 389, 391 (Bankr. S.D. Ohio 1993)). Debtor asserts that in *Arnold*, "at the time of the confirmation [debtor] predicted that his 1985 income would total approximately $80,000[;] it turned out to be $102,310. In 1986, Arnold's income increased to $146,577 [and by] December of 1987, it had increased to $199,999 per year." (*Id.* at 5) (citation omitted).

Furthermore, Debtor attempts to distinguish *In re Murphy* by arguing that the debtor in that case "listed the value of his condominium as of December 15, 2003, the date his bankruptcy petition was filed, at $155,000, subject to a lien of $121,000. In November 2004, he sold it for $235,000, a 51.6 percent increase in only eleven months." (*Id.* at 6) (quoting *In re Murphy*, 474 F.3d 143 (4th Cir. 2007) (internal quotation marks omitted)). Debtor claims her case is different

because she forecasted her 2011 income at $71,896, while her actual tax return showed her 2011 actual income was $75,143, which then grew to $79,838 by 2013. (*Id.*) Debtor asserts that: (1) the $36,000 inheritance windfall equates to $7,000 annually over the five years of the Modified Plan; (2) adding the $7,000 is just 10% over her forecasted income; and (3) the pro-rated inheritance increases her income to $87,000 over the five years of the Modified Plan—an income that was 20% above the 2011 projection after three years. (*Id.*) Debtor argues that a windfall of just 10% over forecast income is neither shocking, nor egregious, nor substantial and hardly the 250% increase the Fourth Circuit found substantial in *Arnold*. (*Id.*) Thus, Debtor argues, her $36,000 inheritance did not result in a substantial change in her financial condition.

Trustee contends that Debtor's case is not distinguishable from *In re Murphy*. First, Debtor also experienced a significant and unanticipated change in her financial circumstances when she received a $36,000 inheritance that was unexpected at the time her Chapter 13 Plan was confirmed and was a "significant improvement" of Debtor's financial circumstances. (*See* Doc. 7 at 12–13.) Second, Debtor's income independent from receiving the inheritance had markedly improved since her Chapter 13 Plan was confirmed in 2011. (*Id.*)

Trustee also points out that, similar to the debtor in *In re Arnold*, the Debtor submitted a revised budget showing increased living expenses to the bankruptcy court in response to Trustee's Motion to Modify Chapter 13 Plan. (*See id.* at 17.) However, Trustee contends that because Debtor testified before the Bankruptcy Court that her living situation had not changed, that she still lived in the same home, and that her household was still comprised of the same people and that meanwhile, her income and employment situations had improved since confirmation, that Debtor should not be allowed to retain any share of her inheritance to offset her alleged increased in living expenses. (*Id.*)

As the Trustee asserts on appeal, it is the Debtor's burden to show that her claimed increase in living expenses was a substantial and unanticipated change to her financial circumstances, warranting modification of her Chapter 13 Plan. In attempting to do so, Debtor presented the Bankruptcy Court with the revised budget filed with her Modified Plan as the only evidence of a need to retain a portion of the $36,000 inheritance. Debtor also failed to demonstrate why she did not anticipate ordinary increases in her living expenses at the time of confirmation or why her increased income was not sufficient to offset her increased expenses. Since Debtor made no showing of any hardship or need to retain any portion of the inheritance proceeds, the Bankruptcy Court correctly denied confirmation of Debtor's Modified Plan.

Thus, the Court AFFIRMS the Bankruptcy Court's finding that the Debtor's inheritance "substantially" changed her financial circumstances, as required under 11 U.S.C. § 1329 in order for a bankruptcy court to grant a Trustee's Motion to Modify the Debtor's Chapter 13 Plan because Trustee demonstrated that, consistent with *Arnold* and *Murphy*, Debtor's post-confirmation inheritance is a substantial change to Debtor's financial condition. The Court also AFFIRMS the Bankruptcy Court's holding denying Debtor's Modified Plan as the Bankruptcy Court did not abuse its discretion because under 11 U.S.C. § 1329 Debtor's living expenses did not constitute a substantial and unanticipated change to Debtor's financial condition making any portion of the $36,000 inheritance necessary to support Debtor's Modified Plan.

### C. The Trustee was Correctly Permitted to Capture the Entirety of the Debtor's Inheritance.

The third issue raised by Appellant is whether the Bankruptcy Court abused its discretion in finding that Trustee's Motion to Modify may capture the entirety of the $36,000 inheritance for the benefit of Debtor's compromised creditors. The Court AFFIRMS the Bankruptcy Court's holding granting Trustee's Motion to Modify to capture the entirety of the Debtor's $36,000 inheritance as property of the bankruptcy estate because the Debtor failed to presented evidence

of any necessity for retaining any portion of the inheritance. Because this is a question of fact, the Court reviews this issue under a clearly erroneous standard.

Under *Carroll v. Logan*, 735 F.3d 147 (4th Cir. 2013), a debtor's Chapter 13 Plan may be modified in order to capture the post-confirmation inheritance a debtor might acquire before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12. Pursuant to § 1306(a), the Debtor's inheritance belongs to the bankruptcy estate and accordingly should be distributed to repay creditors. *Carroll v. Logan*, 735 F.3d 147, 150 (4th Cir. 2013). In *Carroll*, debtors notified the bankruptcy court that they were expecting a $100,000 inheritance from debtor's mother's estate approximately three years after filing their Chapter 13 bankruptcy petition. *Id.* at 149. The bankruptcy court held that the entirety of the debtors' inheritance, received more than 180 days after they filed their Chapter 13 petition, was nonetheless property of the bankruptcy estate under 11 U.S.C. § 1306(a). *Id.* at 152; *cf. In re Murphy*, 474 F.3d at 154 (4th Cir. 2007).

In this case, Debtor argues that "nothing in *Carroll v. Logan* . . . supports the court's decision that the [T]rustee is presumed to have a right to *all* of [the inheritance]." (Doc. 4 at 7) (emphasis in original). In making this argument, Debtor points to the language in *Carroll*, which requires that "'[w]hen a [Chapter 13] debtor's financial fortunes improve, the creditors should share *some* of the wealth.'" *Id.* (emphasis in original) (quoting *Carroll v. Logan*, 735 F.3d 147, 151 (4th Cir. 2013)). Thus, Debtor submitted a Modified Plan in which she proposed to contribute only 40% of her inheritance over the remaining 20 months of her Chapter 13 Plan, generating a 30% dividend to unsecured creditors. (R at 101-13.) When pressed by the Bankruptcy Court about the origin of the 40% figure, Debtor's counsel admitted that 40% was "arbitrary." (Hr'g Tr. at 10.) Having denied the Debtor's Modified Plan for failure to demonstrate a need to retain any portion of the inheritance, the Bankruptcy Court correctly

concluded that the entirety of Debtor's inheritance needed to be paid into her Chapter 13 Plan. (Hr'g Tr. at 9, 64.)

Although the Court agrees that *Carroll* left the door open to courts deciding how much of an inheritance should come into a bankruptcy Plan, the Court finds that the Bankruptcy Court did not err when it found, based on the totality of circumstances, that the Trustee's Motion to Modify may capture the entirety of the $36,000 inheritance for the benefit of Debtor's compromised creditors. Thus, the Court AFFIRMS the Bankruptcy Court's holding granting Trustee's Motion to Modify to capture the entirety of the Debtor's $36,000 inheritance as property of the bankruptcy estate.

## IV. CONCLUSION

The Court AFFIRMS the Bankruptcy Court for four reasons. First, the Court AFFIRMS the Bankruptcy Court's holding that the property of the estate did not vest in Debtor upon confirmation of the Chapter 13 Plan because under *Carroll v. Logan*, 735 F.3d 147 (4th Cir. 2013), an inheritance received before the Chapter 13 case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 is property of the bankruptcy estate pursuant to 11 U.S.C. § 1306(a) and should thus be used to repay Debtor's compromised creditors. Second, the Court AFFIRMS the Bankruptcy Court's finding that Debtor's inheritance "substantially" changed her financial circumstances under 11 U.S.C. § 1329 because the court's findings of fact were not clearly erroneous as the facts show that the inheritance substantially changed Debtor's financial circumstances such that a modification of her Chapter 13 Plan was warranted.

Third, the Court AFFIRMS the Bankruptcy Court's ruling denying Debtor's Modified Plan because under 11 U.S.C. § 1329, Debtor's living expenses did not constitute a substantial and unanticipated change to Debtor's financial condition that would make any portion of the $36,000 inheritance necessary to support Debtor's Modified Plan. Fourth, the Court AFFIRMS

15

the Bankruptcy Court's Order granting Trustee's Motion to Modify to capture the entirety of the Debtor's $36,000 inheritance as property of the bankruptcy estate because Debtor failed to present evidence of any necessity for retaining any portion of the inheritance.

Accordingly, it is hereby

**ORDERED** that Appellant Laura Gorman's Appeal from the Bankruptcy Court (Doc. 1) is **DENIED**; and it is further

**ORDERED** that the Bankruptcy Court's rulings are AFFIRMED.

**IT IS SO ORDERED.**

ENTERED this 24th day of July, 2015.

Alexandria, Virginia

7/ 21 /2015

/s/
Gerald Bruce Lee
United States District Judge